IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



TRAC LEASE, INC.,

    Plaintiff,

v.                                                    CIVIL ACTION NO. 2:12cv28

Each Marine Chassis and Any Related
Equipment, Located at the Facilities
Owned, Operated, or Controlled

Defendants *in rem*, and

MID-ATLANTIC LEASING CORPORATION

Defendant *in personam.*

## *ORDER*

Before the Court is Defendant Mid-Atlantic Leasing Corporation's ("MALC") Motion to Vacate the Issuance of a Warrant of Arrest for Each Marine Chassis and Any Related Equipment, Located at the Facilities Owned, Operated, or Controlled by MALC, pursuant to Rule E(4)(f) of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.[1] The parties have fully briefed this matter, and on January 26, 2012, the Court held a hearing on the instant motion. Therefore, it is now ripe for judicial determination. For the reasons stated herein, Defendant's Motion to Vacate the Issuance of a Warrant of Arrest is **DENIED**.

In order to properly move this Court to vacate an arrest of property, MALC must comply with Rule E(4)(f) of the Supplemental Rules for Admiralty or Maritime Claims which provides:

---

[1] In accordance with this motion, Defendant also filed a Motion to Vacate Order Granting Motion for Appointment of Substitute Custodian.

> Whenever property is arrested or attached, **any person claiming an interest in it** shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules.

Fed. R. Civ. P. Supp. R. Adm. E(4)(f) (emphasis added).

MALC claims that it has a possessory interest as a bailee of the property pursuant to the Depot Agency Agreement ("Depot Agreement") between the parties. Def.'s Rebuttal Br. Supp. Mot. Vacate 4-6. MALC believes this possessory interest is sufficient to grant standing to bring this motion before the Court.

Rule E(4)(f) is indeed silent regarding the type of claimed interest necessary for a party to attempt to vacate an arrest. However, no court has ever held that claiming an interest as a bailee of property against the actual owner of the property is a sufficient interest to create standing to bring a motion to vacate an arrest. In fact, it is well-settled that a bailee who has property by way of a bailment is estopped from denying the bailor's right to title in that property. *See McCullough v. Roots*, 60 U.S. 349 (1856). While MALC may argue that it is not denying the bailor's right to title in the property, by asserting that it has a possessory interest in property which rightfully belongs to someone else, MALC has attempted to do precisely that. In light of this fact and the lack of precedent supporting MALC's claim, the Court cannot find that asserting a possessory interest as a bailee against the true owner is a sufficient interest to allow MALC to bring a motion to vacate an arrest.

Even if MALC's purported possessory interest was sufficient, the Court believes that MALC, according to its agreement with Trac Lease, is barred from claiming any interest in the specific property at issue.[2]

---

[2] The Court makes no determination as to whether MALC may bring claims for breach of contract or other damages it may have suffered as a result of its dealings with Plaintiff Trac Lease.

Paragraph 7 of the Depot Agreement states:

> **No Liens.** Depot acknowledges that all Trac Lease Equipment which comes into its possession pursuant to this Agreement is the property of Trac Lease and will, notwithstanding any other provision in this Agreement, be delivered solely to Trac Lease upon demand. **Depot agrees that it will not assert any lien *or make any claim* on the Equipment . . . ."**

Depot Agreement ¶ 7 (emphasis added).

During the hearing, counsel for MALC attempted to distinguish MALC's current assertion of a possessory interest from an assertion of a lien against the property. Counsel also argued that there is a distinction between alleging an *interest* in the property (which MALC declares here) and making a *claim* against it. Essentially, MALC attempts to circumvent the language of their own contract by creating a false distinction between interests and claims on the property.

Notwithstanding the fact that MALC seemingly endeavors to retain the property as a type of lien or means of gaining leverage to procure funds from Trac Lease, the Court finds the proffered distinctions meritless. The 9th edition of Black's Law Dictionary defines an interest as "a legal share in something; all or part of a legal equitable *claim* to or right in property . . . " (emphasis added). Based upon the plain meaning of the word "interest" and the Court's interpretation of the Depot Agreement, the Court declines to construe MALC's alleged interest in the property as anything other than a claim relating to or on the property. The Court finds that MALC does not have standing to move this Court to vacate the arrest.

Accordingly, Defendant's Motion to Vacate the Issuance of a Warrant of Arrest is **DENIED.**

**IT IS FURTHER ORDERED** pursuant to the Court's ruling on the Motion to Vacate that Defendant's Motion to Vacate Order Granting Motion for Appointment of Substitute Custodian is **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
January 31, 2012

/s/
Raymond A. Jackson
United States District Judge